STATE OF CONNECTICUT *v.* ANTHONY HARRIS
(14867)

CALLAHAN, BORDEN, BERDON, KATZ and SPEAR, Js.

Argued June 3—decision released July 26, 1994

*Shelley A. White,* special public defender, with whom was *Donald D. Dakers,* special public defender, for the appellant (defendant).

*John A. East III,* deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Michael D. Glowa,* assistant state's attorney, for the appellee (state).

PER CURIAM. The issue presented in this criminal appeal is whether the trial court correctly placed the burden on the defendant of proving that he was actually prejudiced by the jury's consideration of extrinsic evidence during its deliberations. In *State* v. *Harris,* 32 Conn. App. 831, 835, 632 A.2d 50 (1993), the Appellate Court concluded that the trial court had properly placed the burden on the defendant. We granted the defendant's petition to appeal the merits of this conclusion.[1]

After examining the record on appeal and considering the briefs and the oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[1] We granted the defendant's petition for certification to appeal limited to the following issue: "Was the Appellate Court correct in finding that a defendant who seeks a new trial based on jury misconduct must prove

BERDON, J., with whom KATZ, J., joins, dissenting. I disagree with the Appellate Court's conclusion that, in order to be entitled to a new trial, a defendant must prove that he or she was actually prejudiced by the jury's consideration of extrinsic evidence. See *State* v. *Harris,* 32 Conn. App. 831, 835, 632 A.2d 50 (1993). I would therefore remand this issue to the trial court for reconsideration in light of the appropriate standard.

This case involves a "cop in a box" operation in which an informant in a pickup truck purchased narcotics while a police officer in a cardboard box in the bed of the truck surreptitiously witnessed the transaction through holes in the box the size of quarters. The defendant's principal defense was that the police officer in the box had mistaken him for someone else. Evidence was presented before the trial court that a juror had performed an experiment outside the jury room to assess whether a person could see clearly through a quarter-sized hole in a cardboard box, and had discussed this experiment with other jurors. The trial court denied the defendant's motion for a new trial on the ground that there was no evidence that the jurors *actually considered* the out-of-court experiment in reaching their verdict. The Appellate Court upheld this application of an actual prejudice standard.

In *State* v. *Asherman,* 193 Conn. 695, 736, 478 A.2d 227 (1984) (*Asherman I*), cert. denied, 470 U.S. 1050, 105 S. Ct. 1749, 84 L. Ed. 2d 814 (1985), this court noted that a jury's "[c]onsideration of extrinsic evidence is presumptively prejudicial because it implicates the defendant's constitutional right to a fair trial before an impartial jury." Accordingly, the court held that a defendant need only prove that there is a "reasonable possibility" that his or her right to a fair trial has been prejudiced by the alleged juror misconduct in order to

that he was actually prejudiced by the jury's use of extrinsic evidence during deliberations?" *State* v. *Harris,* 228 Conn. 913, 635 A.2d 1231 (1994).

be entitled to a new trial. (Internal quotation marks omitted.) Id., 739. In determining whether a "reasonable possibility" exists, three factors must be considered: (1) "the magnitude of the juror's deviation from his proper role"; (2) "the degree to which the accused was deprived of the benefits of the constitutional and statutory safeguards" regarding the admission of evidence; and (3) "the likelihood that the impropriety influenced the jury's verdict." (Internal quotation marks omitted.) Id. Once the defendant proves that there is a reasonable possibility of prejudice, the burden shifts to the state to prove that the juror misconduct was harmless beyond a reasonable doubt. Id., 742.

Because I believe that "reasonable possibility" is the appropriate standard,[1] and because the trial court did not

---

[1] The state relies on *Asherman* v. *State,* 202 Conn. 429, 442, 521 A.2d 578 (1987) (*Asherman II*), to claim that this court has adopted an "actual prejudice" standard. This reliance is misplaced. *Asherman II* was a habeas corpus proceeding in which the defendant challenged the same juror misconduct that he had challenged in his direct appeal in *Asherman I.* The *Asherman II* court refused to consider the merits of the defendant's claim, holding that the claim was barred by res judicata. *Asherman II,* supra, 443. The *Asherman II* court did discuss how the burden of proof depends on whether the trial court is implicated in the juror misconduct. If the trial court is implicated, then the state must prove that the juror misconduct was harmless error; if the trial court is not implicated, then the defendant bears the burden of proof. Id., 442. While the *Asherman II* court used the words "actual prejudice" to describe what the defendant was required to prove under *Asherman I*; see id., 442 n.10; there is nothing in *Asherman II* to suggest that the court intended to change the standard. Indeed, the question of whether the *Asherman I* standard was appropriate was not even before the court.

Furthermore, it would be unfair to require a defendant to prove actual prejudice. Jurors are instructed at the beginning of every trial that they "may consider only the evidence properly admitted in the case." D. Borden & L. Orland, 5 Connecticut Practice, Connecticut Criminal Jury Instructions (1986) § 1.10, p. 13; see also id., §§ 1.13 and 1.14, pp. 15, 21–22. They are also instructed, immediately prior to deliberations, that "your verdict must be based absolutely and solely upon the evidence given to you in the trial of the case." Id., § 2.1, pp. 27–28. The jurors know from these instructions that the consideration of extrinsic evidence is not permitted, and that out-of-court experiments are therefore prohibited. In most cases, it would

make any findings beyond the bare fact that there was no proof of actual prejudice, I would remand this issue to the trial court for reconsideration in light of the appropriate standard.

I respectfully dissent.

probably be impossible for the defendant to prove actual prejudice because the jurors will have an interest in denying any experimentation, or at least downplaying the effect it had on their deliberations. For this reason, the "reasonable possibility" standard of *Asherman I* is more just and appropriate than an "actual prejudice" standard.